Joseph A. Brust, J.
This proceeding, improperly brought under the provisions of article 78 of the Civil Practice Act, will be considered as one properly brought under the sam'e numbered article of the Civil Practice Law and Rules.
Petitioners, owners of several parcels of real estate in an area known as Washington Market, seek an order in the nature of mandamus to compel the Corporation Counsel of the City of New York forthwith to make an application to the Supreme Court for an order of condemnation, pursuant to a resolution of the Board of Estimate duly adopted on January 25, 1962.
By cross motion, the Corporation Counsel moves to dismiss the petition as a matter of law pursuant to subdivision (f) of section 7804 of the Civil Practice Law and Rules upon the ground that the petition fails to state facts sufficient to entitle petitioners to the relief sought.
On January 25, 1962 the Board of Estimate adopted four resolutions relating to the condemnation and redevelopment of the area in question. Integrally related to the redevelopment plan was the necessity for obtaining the approval of a Federal agency, the acquisition of Federal funds and the procurement of a private sponsor. Problems have arisen in these related areas, which although collateral to the condemnátion proceeding, have affected its progress.
The Corporation Counsel has not yet, after a period of over 22 months, initiated the proceeding to condemn.
*272 No answer having been interposed, the facts stated in the petition must bel accepted as true for the purpose of the application.
In substance, petitioners complain that the unexecuted threat of condemnation is causing economic blight in the Washington Market area and that these petitioners have suffered irreparable harm through loss of income and economic opportunity resulting in declining real estate values.
This issue would be .the proper subject matter of proof at trial after hearing. !
Intervening in this motion and opposing petitioners’ application are owners and occupants of other parcels of real estate in this condemnation area. These intervenors assert that their properties are well maintained, and presentable. At the present time, they have pending before the Board of Housing and Redevelopment of the City of New York, applications for revision of the original urban renewal plan, which if granted will enable them to retain their properties free of condemnation. The granting of petitioners’ application would jeopardize their efforts and they join with the Corporation Counsel in opposition.
Petitioners, including another group of intervening owners, argue that -the duty of the Corporation Counsel to institute condemnation proceedings by making application to the.Supreme Court for an order to condemn is purely ministerial, mandated by the resolution. of the Board of Estimate adopted January 25,1962. I
Neither the resolution of the Board of Estimate the Charter nor the Administrative Code sets definite limits upon the time within which an application to condemn must be made. It is noted that under section 999 of the former Greater New York Charter it was provided that following authorization, the Corporation Counsel shall immediately (emphasis supplied) institute a proceeding. No equivalent language is found in the Charter of 1938, the present Charter or in the Administrative Code.
Except as otherwise provided by law, and by virtue of section 394 of the Charter, the Corporation Counsel is the attorney and counsel for the city and its agencies, with the power and duty to have charge and conduct of all its law business; of the legal proceedings necessary to acquire real estate or interests therein; with the right to institute actions to maintain, defend and establish the rights, interests, revenues, property, privileges, franchise or demands of the city.
The application for an order to condemn is more than a mere formality. Rights, duties and obligations vest upon the signing *273 and entry of such an order which have far-reaching and lasting effects. It would have been a simple matter for the Board of Estimate to have included a time limitation in their direction to the Corporation Counsel if they had intended to limit his discretion.
The court is not pursuaded that the Corporation Counsel has no discretion with respect to the inception of this condemnation proceeding. Indeed, petitioners in their brief (p. 19) suggest that the Corporation Counsel has a reasonable time within which to apply for an order to condemn. It does not appear that the Corporation Counsel has acted arbitrarily, capriciously, or in bad faith, but rather after consultation or communication with a responsible official involved in the entire redevelopment plan.
Under the circumstances the court will not substitute its discretion for that of the Corporation Counsel and other such responsible public officials.
The petitioners have not shown a clear legal right to the relief they seek herein; accordingly their motion is denied. The cross motion is granted and the proceeding is dismissed. Settle judgment, without costs.